## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 28 2019, 7:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rory Gallagher
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

D'andrae Robinson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

October 28, 2019

Court of Appeals Case No.
19A-CR-1240

Appeal from the Marion Superior Court

The Honorable Lisa F. Borges, Judge

Trial Court Cause No.
49G04-1710-MR-42006

**Najam, Judge.**

## Statement of the Case

D'andrae Robinson appeals his sentence following his convictions for murder, a felony; burglary, as a Level 4 felony; and robbery, as a Level 5 felony. Robinson presents a single issue for our review, namely, whether the trial court abused its discretion when it sentenced him. We affirm.

## Facts and Procedural History

On October 16, 2017, Robinson was hanging out with his friend Christopher Taliefer and Taliefer's half-sisters, S.T. and P.W. At some point, S.T. called her mother's boyfriend, Dallis Coleman, and asked him whether he would take her and P.W. to get something to eat. Coleman agreed to pick up the girls, who met him at a gas station. In the meantime, Tariona Brown picked up Robinson and Taliefer in her car, and they drove to the gas station where S.T. and P.W. were waiting to meet Coleman.

After S.T. and P.W. got into Coleman's car, he drove them to his house to eat. Without Coleman's knowledge, Brown, Robinson, and Taliefer followed them to Coleman's house, and they parked in a neighbors' driveway. After some time had passed, Robinson and Taliefer exited Brown's car wearing gloves and carrying handguns. The two men entered Coleman's house, unannounced, and Coleman yelled at S.T. and P.W. to run, which they did. Coleman then struggled with Robinson, who punched and hit Coleman with a gun, knocking him to the ground. Robinson also kicked Coleman, and Taliefer soon joined the fight and hit Coleman in the head with a gun.

Ultimately, Robinson shot Coleman in the head. Coleman died as a result of the gunshot wound and multiple blunt force injuries to his head. Before leaving Coleman's house, Robinson and Taliefer stole several items, including two televisions and Coleman's wallet. The next day, Coleman's son found Coleman's corpse lying in a pool of blood, and he observed a towel wrapped around Coleman's neck. An ensuing investigation led law enforcement to identify Robinson and Taliefer as the assailants.

The State charged Robinson with murder; felony murder; burglary, as a Level 1 felony; robbery, as a Level 2 felony; and carrying a handgun without a license. The State dismissed the carrying a handgun without a license charge before trial. A jury found Robinson guilty as charged. However, the trial court entered judgment of conviction on the counts of murder, burglary, and robbery, and the court reduced the level of the burglary and robbery convictions to a Level 4 felony and a Level 5 felony, respectively. At sentencing, the trial court identified six aggravators and two mitigators, and the court imposed the following consecutive sentences: sixty years for murder; six years for burglary; and three years for robbery. This appeal ensued.

## Discussion and Decision

Robinson contends that the trial court abused its discretion when it sentenced him for murder and asks that we either remand for resentencing or revise his sentence from sixty years to fifty-five years. Sentencing decisions lie within the sound discretion of the trial court. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). An abuse of discretion occurs if the decision is "clearly against the

logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*.

[7] A trial court abuses its discretion in sentencing if it does any of the following:

> (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law."

*Id.* (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490-491 (Ind.), *clarified on reh'g other grounds*, 875 N.E.2d 218 (Ind. 2007)).

[8] The sentencing range for a murder conviction is forty-five to sixty-five years, with an advisory sentence of fifty-five years. Ind. Code § 35-50-2-3 (2019). Here, at sentencing, the trial court identified the following aggravating factors: "[t]he harm, injury, loss, or damage suffered by the victim . . . was: (A) significant; and (B) greater than the elements necessary to prove" murder; Robinson's criminal history; and Robinson's violation of the terms of his pretrial release. Appellant's App. Vol. 3 at 122. The trial court also noted that the "nature [and] circumstances of the crime were egregious [and] the victim was beaten [and] tortured prior to the gunshot wound to the head that ended his life." *Id.* The trial court noted that Robinson "is youthful[,] however he has had multiple opportunities for rehabilitation[,]" and he "has a history of illegal

substance abuse, despite his youth." *Id.* Finally, in its oral sentencing statement, the trial court identified as mitigating Robinson's young age and his lack of a stable home life growing up.

[9] Robinson asserts that the trial court abused its discretion when it identified as aggravating circumstances his "torture" of Coleman and that Coleman suffered harm beyond what was required to prove the elements of murder. We address each contention in turn.

[10] Robinson first contends that the trial court's identification of "torture" as an aggravator is unsupported by the evidence. Robinson correctly states that, in support of the death penalty or a sentence of life without parole under Indiana Code Section 35-50-2-9(11)(1), the State must present evidence that the victim suffered "an appreciable period of pain or punishment" that was "designed either to coerce the victim or for the torturer's sadistic indulgence." *Nicholson v. State*, 768 N.E.2d 443, 447 (Ind. 2002). But that statutory aggravator is inapplicable here. Rather, in identifying the nature and circumstances of the offenses as aggravating, the trial court emphasized that Coleman was "beaten [and] tortured" before he was shot. Appellant's App. Vol. 3 at 122. In this context, the court's reference to "torture" was not made in the context of the death penalty statute. Merriam-Webster defines the verb "torture" as "to cause intense suffering to," which aptly describes what Robinson did to Coleman before he shot him. Merriam-Webster, https://www.merriam-webster.com/dictionary/torture (last visited Oct. 9, 2019). In addition to having been hit with a gun and kicked multiple times, the evidence suggested

that Coleman might have been strangled with a towel. We cannot say that the trial court abused its discretion when it used the word "torture" to describe Robinson's actions.

[11] Robinson next contends that the trial court abused its discretion when it identified as an aggravator the fact that Coleman suffered harm beyond what was required to prove the elements of murder. In support, Robinson avers that, "[a]side from the gunshot wound, which killed Coleman instantly, his injuries were mostly superficial." Appellant's Br. at 12. However, again, the State presented evidence that Robinson struck Coleman with a gun and kicked him multiple times, and there was evidence of possible strangulation. Because Robinson inflicted multiple serious injuries to Coleman prior to shooting him in the head, we cannot say the trial court abused its discretion when it found that Coleman suffered harm beyond what was required to prove the elements of murder. In sum, the trial court did not abuse its discretion when it sentenced Robinson for murder. Thus, we decline either to remand for resentencing or to revise Robinson's sentence.

[12] Affirmed.

Kirsch, J., and Pyle, J., concur.